UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIERA C. McKINLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15-CV-780-CEJ |
| | ) |
| CAVALRY PORTFOLIO SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion for summary judgment, pursuant to Fed. R. Civ. P. 56(a).  Plaintiff has not responded, and the time allowed for doing so has expired.

**I. Background**

Plaintiff Tiera C. McKinley was indebted to Capital One Bank USA, N.A., in the $339.00 and $1,415.00 for two separate accounts (hereinafter, "the accounts"). On December 9, 2014, plaintiff filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.  She listed the accounts in her bankruptcy plan.[1]  The plan was approved on February 12, 2015.  In exchange for relief from the obligations listed in the bankruptcy plan, plaintiff agreed to pay $200.00 per month for forty-six months, after which her remaining debt would be forgiven.  Plaintiff has not yet completed the bankruptcy plan; her debts remain extant.

Also in February 2015, Capital One transferred, assigned, and sold the accounts to defendant Cavalry Portfolio Services, LLC.  In April 2015, defendant reported the accounts to one or more credit reporting agencies as "open collection

---
[1]The accounts were identified by the correct account numbers in the bankruptcy plan but listed with respective balances of $338.00 and $1,449.00.

accounts." That was an accurate statement of the accounts' status because plaintiff had not by then completed the forty-six month bankruptcy plan. Plaintiff alleges, however, that by making those reports defendant "furnish[ed] derogatory, negative, and inaccurate information to the[] credit reporting agencies."

In the complaint, plaintiff additionally alleges that in April 2015 she received "dunning letters" from defendant in which defendant "attempt[ed] to collect" on the accounts. Defendant's uncontested records show that no such letters were sent to plaintiff. It was defendant's policy not to send collection letters to debtors whose accounts are coded as, "filed a petition for Chapter 13 Bankruptcy," as the plaintiff's accounts were coded. Further, plaintiff has not produced the letters in question, nor has she provided the requisite disclosures, pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), attesting to the letters' existence.

The plaintiff claims that making those reports to the credit reporting agencies and sending plaintiff the dunning letters constitute a violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.* The complaint raises those two factual allegations without explaining precisely which of the FDCPA's provisions each of the defendant's actions contravened. However, the complaint references two sections of the statute: § 1692d, which bars debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse" a debtor and § 1692e, which prohibits debt collectors from using "any false, deceptive, or misleading representations or means in connection with collection of any debt." In addition to referencing § 1692e generally, the complaint specifically cites § 1692e(5), which forbids "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken"; § 1692e(8), which

prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed"; and § 1692e(10), which renders illegal using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

## II. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but "must set forth specific facts," by affidavit or other evidence, showing that a genuine issue of material fact exists. *United of Omaha Life Ins. Co. v. Honea*, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden

of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. Discussion

"In order to establish a violation of the FDCPA, a plaintiff must demonstrate that 1) plaintiff has been the object of collection activity arising from a consumer debt; 2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and 3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *O'Connor v. Credit Prot. Ass'n LP*, No. 4:11-CV-2187-SNLJ, 2013 WL 5340927, at *6 (E.D. Mo. Sept. 23, 2013) (citations omitted). The Court assumes arguendo that plaintiff has been the object of collection activity and that defendant qualifies as a debt collector. Even so, plaintiff has failed to demonstrate a genuine dispute of material fact that defendant violated any provision of the FDCPA.

First, because it is uncontroverted that defendant did not send the alleged letters to plaintiff, no genuine dispute of material fact exists that plaintiff's §§ 1692d and 1692e claims premised on those purported communications fail as a matter of law. *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010).

Second, it is undisputed that defendant accurately reported the status of the accounts to the credit reporting agencies. A Chapter 13 "bankruptcy plan becomes effective upon confirmation . . . and will result in a discharge of the debts listed in the plan if the debtor completes the payments the plan requires . . . ." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 264, 268 (2010) (citing 11 U.S.C. §§ 1324, 1325, 1328(a)). In April 2015, plaintiff had not completed the bankruptcy plan, and the accounts remained open, non-discharged debts.

4

To the extent plaintiff raises a § 1692d claim premised on defendant's true statements to the credit reporting agencies, she has adduced no facts from which a reasonable factfinder could conclude that accurately reporting the status of her debts to a third party was harassing, oppressive, or abusive to her. *See Celotex*, 477 U.S. at 322; *In re Dunaway*, 531 B.R. 267, 272 (Bankr. W.D. Mo. 2015) (granting summary judgment to a debt collector on a plaintiff's § 1692d claim because, "there is no 'threat' in a proof of claim that accurately reflects information about an unsecured debt the debtor has listed on his own schedules"). Therefore, plaintiff's § 1692d claim based on those communications fails as a matter of law.

"While liability under § 1692e is not confined to statements by collectors to consumers, the challenged statement must have the potential to mislead, deceive, or otherwise dupe someone in order to be actionable." *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 913 (8th Cir. 2014) (quotation marks, citation, and bracketing omitted). "Even a literally false statement does not violate § 1692e if it would not mislead the recipient." *Id.* (citation omitted). "[A] factual, true statement about the existence of a debt and the amount, which is recognized in the debtor's own bankruptcy schedules, is neither false nor deceptive." *In re Dunaway*, 531 B.R. at 272 (quotation marks and citation omitted). Further, "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *McIvor*, 773 F.3d at 914 (quotation marks and citation omitted).

It is undisputed defendant's statements to the credit reporting agencies were true, and plaintiff has not produced any facts from which a reasonable juror could conclude those statements were deceptive or misleading, or that it was illegal to

5

make such statements. Moreover, plaintiff has proffered no evidence that those statements were intended to induce plaintiff to pay the debt she was already paying under the bankruptcy plan. For those reasons, claims regarding those communications fail as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Cavalry Portfolio Services, LLC for summary judgment [Doc. #13] is **granted**.

A separate judgment in accordance with this Memorandum and Order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of January, 2016.